UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ANNETTE RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>Defendant. | **16-cv-1789 GSA**<br><br>**ORDER TO SHOW CAUSE** |

On November 23, 2016, Plaintiff Heather Annette Ruiz ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability insurance and supplemental security income benefits. (Doc. 1). At that time, Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP"). (Doc. 2). After reviewing the application, the Court issued an order on December 2, 2016, requiring that Plaintiff file an amended IFP application because information on the form was not complete. (Doc. 3). On December 9, 2016, Plaintiff filed a request for an extension of time to file the amended application. (Doc. 4). The Court granted the request and ordered that Plaintiff file an amended IFP application no later than **December 20, 2016**. (Doc. 5). To date, no amended IFP application has been filed as ordered.

1

Given the above, Plaintiff has violated the order of this court.  Accordingly, the Court orders that Plaintiff show cause why this case should not be dismissed for her failure to comply with this Court's orders, and for her failure to prosecute this case.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  This Court has the inherent power to manage its docket.  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In light of the above, no later than **January 27, 2017**, Plaintiff is ORDERED *to file a written response* to this Order to Show Cause, explaining why she has not filed an amended IFP application as ordered, or otherwise notified the Court of the status of the application. In the

alternative Plaintiff can file the $400.00 filing fee by January 27, 2017.

**Failure to respond to this Order to Show Cause within the time specified may result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **January 13, 2017**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE